```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

PURETERRA NATURALS, INC. D/B/A/
CALM COAT; KRISTEN WATTERS; AND
JULIE NUGENT,

       Plaintiffs,
v.                            Case No. 8:09-cv-797-T-33MAP

CUT-HEAL ANIMAL CARE PRODUCTS,
INC.,

       Defendants.
_____/

**<u>ORDER</u>**

This matter is before the Court pursuant to Defendant Cut-Heal Animal Care Products, Inc.'s Motion to Dismiss and alternative Motion to Transfer Venue (the "Motion" Doc. # 5), filed on June 5, 2009. On June 25, 2009, Plaintiffs filed their Memorandum of Law in Opposition to the Motion (Doc. # 11). Upon due consideration, the Court will deny the Motion.

**I.**    **<u>Facts and Procedural History</u>**

According to the Complaint, Plaintiff PureTerra Naturals, Inc. (hereafter "PureTerra") is a Florida corporation with its principal place of business in Florida. (Doc. # 1 at ¶ 5.) Plaintiffs Watters and Nugent, who serve as directors of PureTerra, are Florida residents. (Doc. # 1 at ¶¶ 6-7.)

PureTerra distributes products designed to treat minor

skin irritations in animals. (Doc. # 1 at ¶ 5.) PureTerra's products are developed using a patented process. On January 15, 1997, United States Patent No. 5,620,695 (the "695 Patent"), entitled "Method and Composition for Treating Minor Skin Irritations," was legally issued to inventor Jennifer Elliott. (Doc. # 1 at ¶ 9.) Elliott assigned all rights, title, and interest in the 695 Patent to Watters and Nugent, who in turn licensed all rights to PureTerra. (Doc. # 1 at ¶¶ 11-12.)

Defendant Cut-Heal Animal Care Products, Inc. (hereafter "Cut-Heal") is a Texas corporation with its principal place of business in Texas. (Doc. # 5 at ¶ 1.) Cut-Heal manufactures animal skin-care products, and markets and sells those products nationwide through a network of independent distributors. (Doc. # 5 at ¶ 2.)

Plaintiffs sued Cut-Heal for patent infringement in this Court on February 28, 2009. (Doc. # 1.) Cut-Heal argues that venue is improper in the Middle District of Florida, and that Plaintiff has failed to allege facts sufficient to show that Cut-Heal is subject to personal jurisdiction in this Court. In support of this argument, Cut-Heal asserts that it has no physical presence or employees in Florida, and that any distributors located in Florida are separate entities. (Doc.

2

# 5 at ¶ 3-4.) Cut-Heal therefore asks the Court to dismiss this action or, alternatively, to transfer venue to the United States District Court for the Northern District of Texas.

**II. Legal Standard**

A court is obligated to dismiss an action against a defendant over which it has no personal jurisdiction. Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 n. 6 (11th Cir. 1999). On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing, by a preponderance of the evidence, that the court has jurisdiction over the defendant. Avocent Huntsville Corp. v. Aten Int'l, Co., 552 F.3d 1324, 1328 (Fed. Cir. 2008).

The determination of whether the court has personal jurisdiction over a defendant is governed by a two-part analysis. First, the court must determine whether the plaintiff has alleged facts sufficient to subject the defendant to Florida's long-arm statute. Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000)(citing Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996)). Second, once it has determined that the long-arm statute is satisfied, the court must determine whether the plaintiff's assertion of jurisdiction comports with the Constitution's requirements of Due Process

3

and traditional notions of fair play and substantial justice. Sculptchair, Inc., 94 F.3d at 626 (quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)).

This case involves patent law; therefore, the Court has evaluated the law of the Federal Circuit when required. See 3D Sys. v. Aarotech Labs., 160 F.3d 1373, 1377 (Fed. Cir. 1998)("While we defer to the interpretation of a state's long-arm statute given by that state's highest court, . . . when analyzing personal jurisdiction for purposes of compliance with federal due process, Federal Circuit law, rather than regional circuit law, applies.") However, the same basic test utilized in the Eleventh Circuit for determining personal jurisdiction applies in the Federal Circuit. See Akro v. Luker, 45 F.3d 1541, 1543 (Fed. Cir. 1995); Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1565 (Fed. Cir. 1994); Robinson v. Giamarco & Bill, P.C., 74 F.3d 253, 256 (11th Cir. 1996).

Venue in patent infringement actions is governed by 28 U.S.C. § 1400(b), which provides that such disputes "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." However, the Federal Circuit, applying the more liberal theories of

4

general venue law to patent cases, has held that "venue in a patent infringement case includes any district where there would be personal jurisdiction over the corporate defendant at the time the action is commenced."  VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1583 (Fed. Cir. 1990).

Transfer of venue is governed by 28 U.S.C. § 1404(a), which provides as follows: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The United States Supreme Court has commented on Section 1404(a), noting that "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

## III. Analysis

Cut-Heal argues that venue in the Middle District of Florida is improper because it does not have a "regular and established place of business" within the District, and its activities within the District are tangential to the patent infringement claim.  (Doc. # 5 at 3.)  Cut-Heal further argues

5

that Plaintiffs have not shown sufficient contacts with the state of Florida to establish this Court's personal jurisdiction over Cut-Heal. (Id.)

Plaintiffs correctly point out that the determination of venue properly comes after the determination of personal jurisdiction in a patent case. (Doc. # 11 at 6.) This is because venue is proper in any district that has personal jurisdiction over the defendant. VE Holding Corp., 917 F.2d at 1583. Thus, the Court will first analyze the question of personal jurisdiction, followed by the question of proper venue.

### A. Personal Jurisdiction

Plaintiffs argue that Cut-Heal's marketing and sale of alleged infringing products to distributors in Florida provide the Court with jurisdiction over Cut-Heal. As will be discussed in detail below, the Court determines that Cut-Heal's conduct brings it within the purview of Florida's long-arm statute. Further, this Court finds that the Constitution's Due Process protections will not be offended by this Court's personal jurisdiction over Cut-Heal.

### 1. Florida's Long-Arm Statute

Florida's long-arm statute is satisfied when a defendant, or its agent, commits a tortious act within Florida. See Fla.

Stat. § 48.193(1)(b). Plaintiffs argue that Cut-Heal fell within the long-arm statute's scope when it committed a tortious act in Florida--that is, distributing allegedly infringing products in Florida. "Patent infringement constitutes a tortious act within the meaning of Florida's long-arm statute for the purposes of establishing personal jurisdiction." J.P. Morgan Trust Co. v. Potash Corp. of Saskatchewan, Inc., No. 3:05-cv-587-J-32-MCR, 2007 U.S. Dist. LEXIS 23872, *10, n. 8 (M.D. Fla. Mar. 30, 2007); Mars, Inc. v. Coin Acceptors, Inc., 527 F.3d 1359, 1365 (Fed. Cir. 2008)("Patent infringement is a tort.").

A specific burden-shifting scheme applies for cases such as this one. As stated in Walt Disney Co. v. Nelson, 677 So. 2d 400 (Fla. 5th DCA 1996):

> The burden of demonstrating the applicability of § 48.193 may initially be met by pleading facts within a jurisdictional basis contained in the statute. If the plaintiff has pled a prima facie case for jurisdiction, a simple motion to dismiss for lack of jurisdiction must fail, as a motion to dismiss, without more, challenges only the facial sufficiency of the jurisdictional pleading. If, however, the defendant supplements the motion with an affidavit contesting jurisdiction, then the burden returns to the plaintiff who must, by affidavit or other sworn statement, prove a sufficient jurisdictional basis.

Id. at 402; see also Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000)(quoting

7

Prentice v. Prentice Colour, Inc., 779 F. Supp. 578, 583 (M.D. Fla. 1991)(After plaintiff alleges sufficient facts supporting the exercise of personal jurisdiction under a long-arm statute, "the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute. If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint").

By alleging patent infringement in Florida, Plaintiffs made a prima facie case for jurisdiction against Cut-Heal in the Complaint; therefore, if Cut-Heal had filed a simple motion to dismiss, the motion would have then failed. However, Cut-Heal supplemented its motion with the affidavit of John McCready (Doc. # 5-2) contesting jurisdiction, which caused the burden to shift back to Plaintiffs to prove "by affidavit or other sworn statement" a sufficient basis for jurisdiction. See Walt Disney Co., 677 So. 2d at 402. Plaintiffs responded with the sworn declaration of Julie Nugent, contending that Cut-Heal sold the allegedly infringing products in the Middle District of Florida. (Doc. # 12.)[1]

---

[1]Among other things, Nugent's declaration states, "I have personal knowledge that Cut-Heal Animal Products, Inc. has

In some circumstances the Court is required to hold an evidentiary hearing to resolve disputed facts if they are essential to the jurisdictional determination. See Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 503 (Fla. 1989)(holding when both parties have filed affidavits that cannot be harmonized, the trial court must hold a limited evidentiary hearing to determine the jurisdiction issue). However, there is no need for an evidentiary hearing in this case. Upon review of the affidavits, this Court determines that Plaintiffs have carried their burden.

Cut-Heal argues that Plaintiffs must show that its contacts with the State of Florida are "substantial, continuous, persistent, and systematic" in order to establish personal jurisdiction. Adstep, Inc. v. Freeman Decorating Co., No. 3:02-cv-1002-J-21HTS, 2003 U.S. Dist. LEXIS 25728, *18 (M.D. Fla. Sept. 16, 2003) (citations omitted). However, this analysis arises only when the plaintiff seeks to establish general jurisdiction over the defendant for contacts in the forum state unrelated to the cause of action. Id. at

---

distributed the Derma.Calm product to Lextron, Inc.'s Florida operations and has shipped Derma.Clam product to Lextron's warehouse in Ocala, Florida." (Doc. # 12 at ¶ 3). Nugent also describes Chut-Heal's sales of the allegedly infringing products in Palm Harbor and Tampa, Florida. (Doc. # 12 at ¶¶ 4-5.)

*17. To establish specific jurisdiction, the plaintiff need only show that the defendant's contacts with the forum state are related to the claim. Id.

Because Plaintiffs sue Cut-Heal for specific conduct (selling animal skin-care products to a limited number of distributors in Florida) rather than having "substantial and not isolated activity" in Florida, the Court's jurisdiction over Defendants would be specific rather than general. See Florida Statute Section 48.193(2). Thus, the first element of personal jurisdiction has been satisfied.

Accordingly, this Court will delve into the second inquiry: whether personal jurisdiction over Cut-Heal in this Court offends constitutional safeguards.

### 2. Due Process

Even when a defendant's conduct falls within the forum state's long-arm statute, the existence of personal jurisdiction over the defendant is not proper unless it comports with Due Process. The Federal Circuit has established a three-part test for determining whether Due Process has been satisfied: "(1) the defendant purposefully directed its activities at residents of the forum; (2) the claim arises out of or relates to those activities within the forum; and (3) assertion of personal jurisdiction is

10

reasonable and fair." Fuel Freedom Int'l v. Maxma, L.C., No. 6:06-cv-488-Orl-31DAB, 2006 WL 2734313, *5 (M.D. Fla. Sept. 25, 2006) (citations omitted).

The Court finds that the first requirement--that the contacts involve some activity which the Defendant purposefully directs at residents of the forum--is satisfied. Plaintiffs allege that Cut-Heal offers for sale and sold infringing products to distributors in the State of Florida. (Doc. # 11 at 5.) As Plaintiffs note, Cut-Heal "does not deny having any distributors in Florida; it merely contends its distributors are independent companies." Id.

Cut-Heal makes much of the fact that it deals with independent distributors who ultimately deliver the products to customers within Florida. However, "the very act of entering into a distributorship agreement with [a Florida company] might involve 'doing business' in Florida. . . ." Fuel Freedom Int'l, 2006 WL 2734313 at *6. Thus, the Court finds unavailing Cut-Heal's argument that minimum contacts cannot be established because its distributors are independent.

Second, the requirement that the claim arise out of or relate to the Defendant's activities in the forum is met. Here, Plaintiffs claim focuses on the fact that Cut-Heal

11

manufactured allegedly infringing products and sold them to distributors in the Middle District of Florida.

Once a plaintiff shows that there have been sufficient minimum contacts with the forum state, the defendant may defeat jurisdiction by showing that exercise of personal jurisdiction would be unreasonable--that is, contrary to concepts of fair play and substantial justice. <u>Fuel Freedom Int'l</u>, 2006 WL 2734313 at *7. Cut-Heal has made no such claim, arguing only that Plaintiffs should be required to submit evidence that the reasonableness requirement has been met. (Doc. # 5 at 4.) The Court disagrees that the Plaintiff must make such a showing.

However, the Court must balance the burdens on the defendant in litigating in the forum state against various countervailing considerations, which include (1) the interests of the forum state; (2) the plaintiff's interest in obtaining relief; (3) judicial economy; and (4) social policy. <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 292 (1980).

The forum state and the Plaintiffs have a strong interest in litigating this case in Florida because it involves infringing products that were sold in Florida. The forum state has a strong motivation to protect its citizens from the ills of patent infringement. Plaintiffs have a corresponding

interest in protecting their valuable patent against infringement, and "[e]conomic loss occurs to the patent holder at the place where the infringing sale is made because the patent owner loses business there." Beverly Hills Fan Co., 21 F.3d at 1571.

Finally, even though the witnesses and evidence regarding the animal skin-care products' design and manufacture may be located in Texas, the products were distributed in Florida, where the witnesses and evidence regarding the distribution of the products are located.

Thus, upon due consideration, the Court determines that its exercise of personal jurisdiction over Cut-Heal meets Due Process requirements.

**B. Venue**

Once a court determines that it may exercise personal jurisdiction over a defendant, venue is proper in that court. VE Holding Corp., 917 F.2d at 1583. Nonetheless, Cut-Heal argues that, in a patent case, the "the most appropriate forum is that in which the 'center of gravity' of the accused activities is found." Proven Winners N. Am., LLC v. Cascade Greenhouse, No. 2:06-cv-428-FtM-29DNF, 2007 U.S. Dist. LEXIS 41010, *5 (M.D. Fla. June 6, 2007) (citation omitted).

This argument is without merit. The "center of gravity"

analysis arises when "the key operative facts" of the claim occur outside the forum. Id. at *4. In Proven Winners, "[n]either the Complaint nor any affidavits submitted by plaintiff allege that defendants sell any of their products in the Middle District of Florida or have any other connection to Florida." Id. In the instant case, the focus of the claim is the sale of infringing products to distributors in the Middle District of Florida. Thus, the Court finds that the "center of gravity" analysis does not apply and venue is proper based upon personal jurisdiction.

## IV. Conclusion

The Court finds that Florida's long-arm statute has been satisfied, and that Cut-Heal's activities within Florida satisfy the minimum contacts test. Furthermore, the Court finds that its exercise of personal jurisdiction over Cut-Heal comports with traditional notions of fair play and substantial justice. Finally, this Court finds that its exercise of personal jurisdiction is sufficient to establish proper venue in this forum. Therefore, the Court will deny the Motion to Dismiss and the alternative Motion to Transfer Venue.

Accordingly, it is

**ORDERED ADJUDGED** and **DECREED** that**:**

Defendant Cut-Heal Animal Care Products, Inc.'s Motion to

Dismiss and alternative Motion to Transfer Venue (Doc. # 5) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of December 2009.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record