UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PURETERRA NATURALS,
INC., d/b/a CALM COAT;
KRISTEN WATTERS;
and JULIE NUGENT,

        Plaintiffs,

v.

                              CASE NO.: 8:09-cv-797-T-33MAP

CUT-HEAL ANIMAL
CARE PRODUCTS, INC.,

        Defendant.
_____/

## **ORDER**

This cause came before the Court for a non-jury trial held on December 19, 2011 on Plaintiff/Intervenor-Defendant, PureTerra Naturals, Inc.'s counterclaim against Intervenor-Plaintiffs Jennifer Elliott and Last Chance Ranch, Inc. (collectively, "Indemnitors") for indemnification pursuant to the January 11, 2008, Asset Purchase Agreement entered into between the parties.

Upon consideration of the trial testimony and documents received into evidence at trial, the presentations and argument of counsel at trial, the Court's judicial notice of the legal services rendered by counsel for PureTerra as reflected in the Court's file and the inherent reasonableness of the requested fees for such legal services, and the Court having interpreting the indemnification language in paragraph 5.1 of the Asset Purchase Agreement strictly in favor of the Indemnitors and against PureTerra, the Court finds by a preponderance of the testimony and documents offered and admitted into evidence that:

1. The attorneys' fees, costs, and expenses PureTerra incurred in prosecuting the patent infringement action against Defendant, Cut-Heal Animal Care Products, Inc. and defending against the affirmative defenses of patent invalidity, constitute "losses" and "obligations", "sustained, suffered, or incurred by or made against any indemnified party", "based upon, arising out of or in connection with … (c) any claim made by any person or entity which relates to the operation of the Assets or the Business which arises in connection with or on the basis of events, acts, omissions, conditions or any other state of facts occurring on or existing before the date hereof," within the plain meaning and scope of paragraph 5.1 of the Asset Purchase Agreement (the "Losses And Obligations").

2. Accordingly, Indemnitors owed a duty to indemnify PureTerra for the Losses and Obligations.

3. The parties stipulated before trial, and it was uncontested at trial, that PureTerra demanded indemnification from the Indemnitors and that Indemnitors refused to indemnify PureTerra.

4. Indemnitors breached their duty of indemnification owed to PureTerra under paragraph 5.1 of the Asset Purchase Agreement and are jointly and severally liable to PureTerra for PureTerra's Losses and Obligations.

5. The Court takes judicial notice of the documents contained within the court file in this action and the reasonableness of Attorney Richard E. Fee,

Esq.'s hourly rate of $210.00 and Attorney Kathleen M. Wade, Esq.'s hourly rate of $170.00 for the patent infringement litigation, and further notes this action has been pending since April 28, 2009.

      6. The Losses and Obligations incurred by PureTerra relating to the patent litigation services provided by Fee & Jeffries P.A. since April 28, 2009, totaled $40,220.00; the Losses and Obligations incurred by PureTerra relating to the patent infringement opinion provided by Frijouf, Rust & Pyle, P.A. totaled $6,855; and the Losses and Obligations incurred by PureTerra relating to the court reporting services for the patent infringement action totaled $497.70. Thus, the total sum of PureTerra's Losses and Obligations subject to indemnification by Indemnitors is $47,572.70.

      7. The Court does not determine the entitlement to or amount of fees and costs to be awarded to PureTerra under the Asset Purchase Agreement for prevailing upon its claim for indemnification. The Court directs PureTerra to attempt to resolve the issue of such fees and costs with opposing counsel without Court intervention. However, if an agreement as to these fees and costs cannot be reached within twenty days of the date of this Order, PureTerra is directed to file a separate motion for such fees and costs within thirty days of the date of this Order.[1]

Accordingly, it is

---

[1] The Court will address any timely filed motion for attorneys' fees and costs regardless of whether, when such motion is filed, the Clerk has closed this case.

**ORDERED, ADJUDGED,** and **DECREED:**

1. The Clerk of the Court is **DIRECTED** to enter judgment in favor of Plaintiff/Intervenor-Defendant PureTerra Naturals, Inc. on its counterclaim for indemnification and against Intervenor-Plaintiffs Jennifer Elliott and Last Chance Ranch, Inc. in the amount of $47,572.70, plus interest accruing at the statutory rate.

2. The Clerk is directed to **CLOSE** this case and terminate any pending motions.

3. PureTerra may file a separate motion for attorneys fees and costs within thirty days of the date of this Order concerning PureTerra's fees and costs for prevailing upon its claim for indemnification pursuant to the Asset Purchase Agreement.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of January, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

4